**RECORD NO. 17-1372**

# IN THE
# 𝕌nited 𝕊tates 𝕮ourt of 𝕬ppeals
## FOR THE FOURTH CIRCUIT

In Re:  CEI, LLC,

Debtor

**BRENDA L. LIVESAY,**

*Party-in-Interest - Appellant,*

v.

**KENNETH W. LIVESAY; GLOBAL FIBER, LLC,**

*Defendants - Appellees,*

and

**LANGDON M. COOPER, Trustee in Bankruptcy for CEI, LLC**
aka Communications Electrical Industries, LLC,

*Trustee - Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT ASHEVILLE

## OPENING BRIEF OF APPELLANT
## BRENDA L. LIVESAY

Charles R. Brewer
ATTORNEY AT LAW
79 Woodfin Place, Suite 206
Asheville, NC 28801
(828) 251-5002

Gary A. Dodd
ATTORNEY AT LAW
79 Woodfin Place, Suite 206
Asheville, NC 28801
(828) 255-0459

*Counsel for Appellant*
*Brenda L. Livesay*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. _____    Caption: _____

Pursuant to FRAP 26.1 and Local Rule 26.1,

_____
(name of party/amicus)

_____

 who is _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.      Is party/amicus a publicly held corporation or other publicly held entity?      YES     NO


2.      Does party/amicus have any parent corporations?                        YES     NO
        If yes, identify all parent corporations, including all generations of parent corporations:




3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
        other publicly held entity?                                            YES     NO
        If yes, identify all such owners:

4.      Is there any other publicly held corporation or other publicly held entity that has a direct
        financial interest in the outcome of the litigation (Local Rule 26.1(a)(2)(B))?    YES    NO
        If yes, identify entity and nature of interest:

5.      Is party a trade association? (amici curiae do not complete this question)    YES    NO
        If yes, identify any publicly held member whose stock or equity value could be affected
        substantially by the outcome of the proceeding or whose claims the trade association is
        pursuing in a representative capacity, or state that there is no such member:

6.      Does this case arise out of a bankruptcy proceeding?    YES    NO
        If yes, identify any trustee and the members of any creditors' committee:

Signature: _____        Date: _____

Counsel for: _____

## CERTIFICATE OF SERVICE
**************************

I certify that on _____ the foregoing document was served on all parties or their
counsel of record through the CM/ECF system if they are registered users or, if they are not, by
serving a true and correct copy at the addresses listed below:

_____                    _____
        (signature)                                            (date)

# **TABLE OF CONTENTS**

 Page

Table of Cases, Statutes  and Authorities ...................................................ii

Statement of Subject Matter and Appellate Jurisdiction ..........................1

Statement of Issues Presented for Review ...............................................1

Statement of the Case ............................................................................. 1

*Statement of Facts* ........................................................................5

Summary of Argument ...........................................................................13

Argument ...............................................................................................14

WHETHER THE DISTRICT COURT ERRED IN AFFIRMING THE BANKRUPTCY COURT'S DENIAL OF BRENDA L. LIVESAY'S MOTION TO INTERVENE IN THE ADVERSARY PROCEEDING WITHOUT KNOWING THE NATURE AND EXTENT OF THE DISCOVERY UNDERTAKEN BY THE TRUSTEE IN THE ADVERSARY PROCEEDING......................................14

*Standard of Review*.......................................................................14

*Argument* .......................................................................................15

Conclusion...............................................................................................18

Certificate of Compliance (FRAP 32(a)(7)(B).......................................19

Certificate of Service of Brief and Joint Appendix ................................20

# TABLE OF CASES, STATUTES AND AUTHORITIES

<u>Page</u>

## *Cases*

*Jenkins v. Simpson,*
    784 F.3d 230 (4th Cir. 2015) ..................................................... 9, 14

*Virginia v. Westinghouse Elec. Corp.*,
    542 F.2d 214 (4th Cir. 1976) ......................................................... 12

## *Federal Court Decisions*

*Chapter 7 Bankruptcy Petition,* WDNC No. 11-10568 ........................................... 5

WDNC Adversary Proceeding No. 13-01019 ...................................................... 2

WDNC File No. 1:15-cv-172-MOC ................................................................ 3, 8

WDNC File No. 1:16-cv-361-MOC ................................................................ 4, 13

## *Federal Statutes*

28 U.S.C. § 158 .................................................................................. 1

28 U.S.C. § 1291 ................................................................................. 1

## *Federal Rules*

Fed. R. Civ. Proc. 24............................................................................ 2

## STATEMENT OF SUBJECT MATTER AND
## APPELLATE JURISDICTION

The district court had jurisdiction under 28 U.S.C.§158. This Court has jurisdiction pursuant to 28 U.S.C.§1291.  The district court entered an order on appeal from the  bankruptcy court on March 17, 2017. JA 389 *et seq.* A notice of appeal to this Court was timely filed  on March 23, 2017. JA 405.  This  appeal is from a final order of the district court on appeal to the district court from the bankruptcy court.

## STATEMENT OF ISSUE PRESENTED FOR REVIEW

WHETHER THE DISTRICT COURT ERRED IN AFFIRMING THE BANKRUPTCY COURT'S DENIAL OF BRENDA L. LIVESAY'S MOTION TO INTERVENE IN THE ADVERSARY PROCEEDING WITHOUT KNOWING THE NATURE AND EXTENT OF THE DISCOVERY UNDERTAKEN BY THE TRUSTEE IN THE ADVERSARY PROCEEDING

## STATEMENT OF THE CASE

On June 6, 2011, CEI, LLC, Debtor, filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of North Carolina. Bankruptcy petition no. 11-10568. The petition was assigned to Bankruptcy Judge George R. Hodges, and Langdon M. Cooper (hereinafter "Cooper") was designated as the trustee. JA 1.  On July 13, 2011, Brenda L. Livesay (hereinafter, "Appellant") filed a motion to continue meeting of creditors. JA 34. On October

1

13, 2011, the Ronald Livesay and Brenda Livesay Family Trust filed a proof of claim in that bankruptcy case. JA 38. On August 15, 2013, Appellant filed a motion in the bankruptcy case for leave to file a proof of claim. JA 59. Cooper filed a response asserting that he had no objection to allowing her to file a proof of claim. JA 62. On October 11, 2013, the bankruptcy court entered an order allowing her to file her claim. JA 64. On October 11, 2013, Appellant thereafter filed her proof of claim in the bankruptcy court in the amount of $686,600.00. JA 65. A 341 meeting was held on October 12, 2011, and the same was transcribed on or about December 12, 2013. JA 72-73. On June 4, 2013, Cooper filed a complaint in Adversary Proceeding No. 13-01019 in the bankruptcy court. JA 75. Kenneth W. Livesay and Global Fiber, LLC, were named as defendants therein. The complaint contains seven claims for relief. JA 75-91. Kenneth W. Livesay filed motions to dismiss and an answer on August 2, 2013. JA 92. On that same day Global Fiber, LLC, filed a motion to dismiss and answer. JA 102. On February 26, 2014, defendant Kenneth W. Livesay filed an amended answer. JA 114. A consent order staying the adversary proceeding was entered on May 6, 2014. JA 116. Appellant filed her motion to intervene in the adversary proceeding on March 29, 2015, pursuant to *Rule 24 of the Federal Rules of Civil Procedure.* JA 118. Global Fiber, LLC, filed a response to the motion to intervene on April

16, 2015. JA 128.  Cooper filed an objection to the motion to intervene on April 17, 2015. JA 131. The bankruptcy court entered an order denying the motion to intervene on July 28, 2015. JA 136.  On August 6, 2015, Appellant  filed her notice of appeal to the district court from the bankruptcy court's denial of her motion to intervene. JA 137. This appeal was assigned to the Honorable Max O. Cogburn, Jr., and the appeal was assigned WDNC File No. 1:15-cv-172-MOC. On June 29, 2016, the district court entered an order denying Appellant's motion to intervene. JA 333.  On July 13, 2016, Appellant  filed a motion in the district court for reconsideration. JA 347.  On August 12, 2016, the district court entered an order denying Appellant's  motion for reconsideration (JA 351) "**without prejudice**  to Appellant to make a renewed motion before the Bankruptcy Court renewing any allegations of evidentiary disputes as to the extent of discovery in this case that Appellant may wish the Bankruptcy Court to consider in the first instance." JA 355. ( Emphasis original).

Thereafter, Appellant filed a second amended  renewed motion to intervene in the bankruptcy court on August 31, 2016. JA 173. On that same day she filed a motion for discovery in bankruptcy court. JA 177. The matter came on for consideration in the bankruptcy court in regard to the motion for discovery on October 4, 2016. JA 188. The bankruptcy court denied the request for discovery.

3

JA 198. Thereafter, Appellant  issued subpoenas directed to Cooper  and to counsel for Kenneth W. Livesay and Global Fiber, LLC, to produce documents (relating to discovery undertaken in the adversary proceeding). One of such subpoenas which was directed to Cooper  appears in the joint appendix. JA 238. Cooper  filed a motion to quash the subpoena on October 13, 2016. JA 200. Kenneth W. Livesay filed an objection to the subpoena directed to his counsel on October 14, 2016. JA 205.  D. Rodney Kight, Jr., attorney for Global Fiber, LLC, moved to quash his subpoena on October 14, 2016. JA 209.  Cooper  filed an objection to his subpoena on October 17, 2016. JA 215. The matter came on for hearing on October 18, 2016, in bankruptcy court. JA 221-233.  During the hearing the bankruptcy judge announced that he would quash the subpoenas and otherwise deny the pending motions. JA 231. On October 27, 2016, the bankruptcy court entered a written order denying the second amended renewed motion to intervene. JA 240.  On October 28, 2016, the bankruptcy judge entered a written order quashing the subpoenas. JA 241.

Appellant filed a notice of appeal from those orders of the bankruptcy to  the district court on November 4, 2016. JA 244. This appeal to the district court was assigned to the Honorable Max O. Cogburn, Jr., and given WDNC File No. 1:16-cv-361-MOC. Thereafter, Appellant filed her designation of items to be included

4

in the record on appeal before the district court and her statement of issues to be presented to the district court on December 20, 2016. JA 249. Appellant filed her brief in the district court on January 3, 2017. JA 368. In a text only order of January 23, 2017, appellees were given 14 days with which to respond to her brief. JA 384. In an amended text order the time for the appellees to respond to Appellant's brief was extended up to February 21, 2017. No such brief was filed. JA 388. Nonetheless, the district court entered an order affirming the bankruptcy court's decision. JA 389. From this decision of the district court Appellant gave notice of appeal to this Court on March 23, 2017. JA 405.

*Statement of Facts*

Some of the facts helpful in understanding the issue raised on this appeal include the following. CEI, LLC, filed a Chapter 7 bankruptcy petition on or about June 6, 2011; Cooper was named trustee. JA 1. CEI, LLC, was jointly owned by Kenneth W. Livesay and the Estate of Ronald Livesay. The estate is the majority owner. JA 119.[1] Appellant is the widow of Ronald Livesay, whose estate is still pending. Kenneth W. Livesay is the son of Ronald Livesay by a previous marriage. Appellant is also the trustee of the Ronald Livesay and Brenda Livesay

---

[1]The majority ownership in CEI, LLC, belonged to Ronald Livesay at the time of his death. The tangible assets were left in his will to Appellant. The intangible assets were left to a trust of which Appellant is trustee.

Family Trust.

In July of 2011, Appellant filed a motion to continue the meeting of creditors in the CEI, LLC, bankruptcy proceeding. JA 34. On October 12, 2011, Appellant and her counsel attended a meeting of creditors. Appellant's counsel extensively examined Kenneth W. Livesay in the presence of Cooper concerning the wrongful transfer of assets of CEI, LLC. Thereafter, Cooper met with counsel for Appellant who provided him significant documentation relating to CEI, LLC, and the Estate of Ronald Livesay. JA 72-73 and 154. The Ronald Livesay and Brenda Livesay Family Trust filed a proof of claim on October 13, 2011, in the bankruptcy case seeking $206,600.00 plus interest. JA 38. The Estate of Ronald Livesay did not file a proof of claim. JA 120.

Cooper filed an adversary proceeding on or about June 14, 2013, in the bankruptcy court against Kenneth W. Livesay and Global Fiber, LLC, which is owned by Kenneth W. Livesay. This adversary proceeding, in which Appellant filed a motion to intervene, is the subject of both appeals to the district court and now to this Court. The adversary complaint alleges, *inter alia,* that Kenneth W. Livesay and Global Fiber, LLC, had in essence defrauded CEI, LLC, leaving it insolvent after which Kenneth W. Livesay on behalf of CEI, LLC, filed the underlying bankruptcy petition. The adversary complaint seeks in excess of $5

million from Kenneth W. Livesay and Global Fiber, LLC. JA 75-91. On October 23, 2013, Appellant filed a proof of claim in the amount of $686,600.00. JA 65.

On March 19, 2015, Appellant filed a motion to intervene in the adversary proceedings and attached a proposed intervenor's complaint. JA 118-127. In her motion to intervene Appellant alleged based on information and belief that there had been little or no discovery undertaken in the adversary proceeding to date. JA 121. In response to the motion to intervene Global Fiber, LLC, asserted that "discovery has been performed". JA 129. Cooper filed an objection to the motion to intervene which was silent as to the issue of discovery. JA 131. No response was filed by Kenneth W. Livesay. A hearing on Appellant's motion to intervene was held by the bankruptcy court on April 21, 2015. JA 150-166. At the hearing Appellant's counsel advised the court of her significant interest of the adversary proceeding. The court was also advised of the extensive efforts of the counsel for Appellant to communicate with and assist Cooper in any way concerning the prosecution of adversary case. JA 154-157. All to no avail. The bankruptcy judge was advised that the motion to intervene was filed by Appellant out of absolute frustration with the situation. JA 157. The court was advised that Appellant's counsel does not know the status of discovery in the case. JA 157-158. This was so despite extensive efforts to learn of the status of discovery. Again, at the

hearing, counsel for Global Fiber, LLC, asserted "discovery has been conducted...there's been talk about discovery". JA 160. Cooper's counsel, in her presentation, did not mention discovery. JA 161-164. Counsel for Kenneth W. Livesay asserted he could not add anything. JA 164. The bankruptcy judge denied the intervention motion. JA 136.

Appellant appealed that decision to the district court. JA 137. *See,* WDNC File No. 1:15-cv-172-MOC. Appellant filed an opening brief. JA 281. Cooper filed a responsive brief. JA 299. In Cooper's brief he asserted that the parties " have completed discovery". Further, the brief asserted that if the motion to intervene was allowed the proceedings would effectively be restarted; and "the parties would once again have to conduct extensive discovery." JA 307-308. Appellant filed a reply brief. JA 317. No briefs were filed in behalf of Global Fiber, LLC, or Kenneth W. Livesay. In an order of March 25, 2016, following the filing of the reply brief the district court entered an order calendaring oral arguments for April 8, 2016, stating that "oral arguments on the facts and applicable law involved in this appeal would be beneficial to efficient resolution of this matter". JA 329-330. Cooper filed a motion to continue the arguments. JA 331. On June 29, 2016, without the conduct of oral arguments, the district court affirmed the decision of the bankruptcy court denying the motion to intervene. JA

333. The district court in its order affirming the bankruptcy court's denial of the motion to intervene relied on the assertions related to discovery contained in Cooper's brief, but there never has been any evidence admitted concerning the nature and extent of the discovery.

Appellant filed a four page motion for reconsideration in the district court. JA 347. lnitially, the motion to reconsider noted that neither Kenneth W. Livesay nor Global Fiber, LLC, (the two defendants in the adversary proceeding) participated in the appeal. JA 347. Secondly, the motion to reconsider argued that the bankruptcy court made no findings of fact or conclusions of law in denying the motion to intervene. JA 136. Therefore, the motion to reconsider questioned how the district court could review the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error as mandated in *Jenkins v. Simpson,* 784 F.3d 230, 234 (4th Cir. 2015). JA 348. The motion to reconsider asserted that Appellant had diligently sought information from Cooper concerning the discovery undertaken in the adversary proceeding prior to filing the motion to intervene but was rebuffed. Moreover, the motion to reconsider asserted:

> Mr. Cooper has not yet been required to this very day to outline either to the bankruptcy court or to this Court the natue and extent of discovery undertaken, if any. This Court had scheduled and subsequently canceled a hearing on this appeal. It had been the intent of the undersigned to call Mr. Cooper as an adverse witness to inquire into that issue. Alternatively, the

9

undersigned would have requested this Court at the hearing to have Mr. Cooper supply to the Court for an *in camera* review the transcripts of depositions, the written interrogatories and answers thereto, the requests for productions of documents and responses thereto, and requests for admissions and responses thereto relating to this adversary proceeding. No such information is available otherwise. Adequate prosecution of an adversary proceeding seeking in excess of Five Million Dollars based on fraudulent transfers would require significant discovery. The Court can and should now require such an *in camera* review pursuant to this request for reconsideration, and Appellant respectfully requests this Court to do so.

JA 348. The motion for reconsideration further asserted that unless sufficient discovery has been undertaken, the results of the adversary proceeding (whether by trial or settlement) would be under a cloud. JA 348. Additionally, the motion for reconsideration asserted that the sufficiency of the trial preparation rises or falls with the extent of discovery. JA 349.

While the district court denied the motion to reconsider, the order stated that the district court, sitting as an appellant court, "will not engage in fact-finding in the first instance as to what discovery has or has not occurred in this case." JA 354. "As such, to the extent that Appellant wishes for the Bankruptcy Court to consider a dispute between the parties regarding the extent of discovery completed, as such facts might have some bearing on intervention, the court will allow Appellant to make a renewed motion before the Bankruptcy Court." JA 355. As stated above, the denial was without prejudice to the filing of a renewed

10

motion in bankruptcy court.  JA 355.

Pursuant to that authorization, Appellant returned to the bankruptcy court where she filed a renewed motion to intervene in the adversary proceeding on August 31, 2016. JA 173. In that motion  Appellant outlined the motion for reconsideration filed in the district court including the assertion in the motion for reconsideraton that the bankruptcy court had made no findings of fact or conclusions of law in denying the motion to intervene. Further, appellant apprised the bankruptcy court that the motion for reconsideraton in the district court asserted that it is not clear how the district court could comply with *Jenkins v. Simpson, supra,*  in light of the failure of the bankruptcy court to make legal conclusions or factual findings. The renewed motion to intervene made it clear that the district court had authorized appellant to file the renewed motion before the bankruptcy court. JA 174.   The renewed motion to intervene sought the conduct of an evidentiary hearing and requested the bankruptcy court to make detailed findings of fact concerning the nature and extent of discovery undertaken by Cooper prior to the filing of the initial motion to intervene. JA 175.

Contemporaneously with the filing of the renewed motion to intervene, Appellant filed a motion for discovery in regard to the renewed motion to intervene. JA 177. In said motion for discovery Appellant stated that "(t)he nature

11

and extent of the discovery undertaken by Mr. Cooper prior to the filing of the original motion to intervene is necessary to applicant's efforts to overcome the presumption that her interests in the adversary proceeding are adequately represented. *See, Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976)." JA 178.

A hearing on Appellant's motion for discovery was held in the bankruptcy court on October 4, 2016. JA 188. The motion was denied. JA 198. A hearing on the renewed motion to intervene was scheduled for October 18, 2016, in the bankruptcy court. In preparation for that hearing Appellant's counsel issued a subpoena directed to Cooper to bring the discovery conducted in the case to the hearing. JA 238. Similar subpoenas were issued to counsel for Global Fiber, LLC, and Kenneth W. Livesay. A hearing was held on the renewed motion to intervene on October 18, 2016. JA 221-233. At that hearing the subpoenas which had been issued by Appellant and served were quashed. Consequently no evidence was adduced at the hearing. Cooper was not required to present the discovery for an *in camera* review. Further, the bankruptcy judge announced that he would deny the renewed motion to intervene. JA 231. These pronouncements from the bench regarding the subpoenas and the new motion to intervene were reduced to written orders. JA 240 and 241. Appellant appealed those orders to the district court on

November 4, 2016. *See,* WDNC File No. 1:16-cv-361MOC. Appellant filed her opening brief in the district court on January 3, 2017. JA 368. The other parties were given a period of time to respond to that brief. That period of time was extended up to February 21, 2017. JA 388. No such brief or briefs were ever filed. Nonetheless, the district court entered an order affirming the bankruptcy court's decision. JA 389. It is from that order that the appeal to this Court has been taken. JA 405.

## SUMMARY OF ARGUMENT

The single argument in this appeal relates to whether or not Cooper has undertaken sufficient discovery in the adversary proceeding before the bankruptcy court in order for there to be a fair and complete record before the courts as to whether or not Cooper has adequately represented the interest of the Appellant in the adversary proceeding. The argument sets forth the efforts of Appellant to procure that information, the knowledge of which is essential to a fair disposition of Appellant's renewed motion to intervene which was filed pursuant to leave granted by the district court in connection with its ruling on Appellant's first appeal. Despite the leave granted by the district court to renew the motion to intervene and despite all of the appellant's efforts to do so the record is incomplete and the case should be remanded to the district court to ensure that the record is

13

made complete.

## ARGUMENT

THE DISTRICT COURT ERRED IN AFFIRMING THE BANKRUPTCY COURT'S DENIAL OF BRENDA L. LIVESAY'S MOTION TO INTERVENE IN THE ADVERSARY PROCEEDING WITHOUT KNOWING THE NATURE AND EXTENT OF THE DISCOVERY UNDERTAKEN BY THE TRUSTEE IN THE ADVERSARY PROCEEDING

*Standard of Review*

In accord with this Court's decision in *Jenkins v. Simpson,* 785, F.3d 230, 234 (4th Cir. 2015) the district court is directed to review the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error. The bankruptcy court made no conclusions of law nor did it make any factual findings. The bankruptcy court conducted no evidentiary hearing nor did it review *in camera* the alleged discovery which is the focus of both the motion to intervene, the original appeal to the district court, the renewed motion to intervene, before the bankruptcy court and the final order in the second appeal to the district court from the bankruptcy court's order denying Appellant's renewed motion to intervene. It is this final order of the district court that is the subject of this appeal. Further, the district court did not at any time have before it any sworn testimony nor did it

14

review *in camera* the purported discovery. In fact, the district court made it clear that it should not and would not undertake findings of fact in the first instance.

*Argument*

The *Statement of Facts* and the multiple citations to the joint appendix upon which the *Statement of Facts* is based are incorporated in the argument heren by reference. They are extremely important to this appeal which is largely fact based. The district court  in its final order affirming the bankruptcy court's order denying appellant's renewed motion to intervene stated that "(t)he procedural history of this appeal is somewhat involved." JA 389. From a review of the statement of the case, that is clearly correct; however, it is equally correct that throughout all the procedures undertaken by Appellant the focus has always been and still is her contention that before a fair ruling on her motion to intervene can be made, the judicial authority must make a determination of the nature and extent of the discovery undertaken by Cooper in his prosecution of this adversary proceeding. In the language of the district court in its order  denying the motion to reconsider in  the first appeal to the district court, the extent of discovery completed "might have some bearing on intervention." JA 354-355. It is the respectful contention of the Appellant herein that the nature and extent of discovery should have significant bearing on Appellant's motion to intervene in the adversary proceeding.

The district court, in essence, acknowledges that that is true in that the district court specifically allowed Appellant to file "a renewed Motion before the Bankruptcy Court renewing any allegations of evidentiary disputes as to the extent of discovery in this case that Appellant may wish the Bankruptcy Court to consider in the first instance." JA 355. That is exactly what Appellant did. She filed a renewed motion to intervene before the bankruptcy court. JA 173. She filed a motion for discovery in regard to the renewed motion to intervene. JA 177. She issued subpoenas to require counsel to bring those discovery records to the hearing. JA 238. The bankruptcy court denied Appellant's motion for discovery. JA 198. The bankruptcy court granted the motions to quash the Appellant's subpoenas. JA 241. Thereafter, the bankruptcy court denied Appellant's renewed motion to intervene without hearing any evidence whatsoever concerning the nature and extent of discovery undertaken. Such evidence could only be provided by counsel for the parties to the adversary proceeding in that no discovery was filed in the bankruptcy court. Likewise, no summary judgment motion was filed in the bankruptcy court. The bankruptcy court did not even review *in camera* whatever discovery might have been undertaken. The bankruptcy court's order denying the renewed motion to intervene made no findings of fact or conclusions of law. JA 240.

16

Appellant then appealed that order to the district court. Appellant filed her brief. Even though deadlines were established for the filing of briefs by Cooper, Kenneth W. Livesay and Global Fiber, LLC (JA 367) and such period was extended by the court *ex mero motu* (JA 388)  the court ruled without such briefing. The district court affirmed the bankruptcy court's decision denying appellant's renewed motion to intervene without any such briefs being filed and without the conduct of any hearing or conduct of oral arguments. The district court not only ruled without such briefing, without an evidentiary hearing and without oral arguments but even did so without requiring counsel for the parties to the adversary proceeding to assert or proffer the nature and extent of the discovery undertaken or requiring said counsel to provide such documentation for an *in camera* review.   The district court, therefore, has now issued a final denial of Appellant's motion to intervene without knowing what the nature and extent of the discovery undertaken by Cooper in this Five Million Dollar adversary proceeding has been. The bankruptcy court made its rulings without findings of fact and without conclusions of law with the same lack of knowledge concerning discovery. This case is now before this Court  which likewise can have no such knowledge, because the record is silent as to the issue which forms the basis of the motion for reconsideration in the first appeal to the district court, the basis for the

renewed motion to intervene in the bankruptcy court, and in the second appeal to the district court. The issue is important because it directly relates to not whether Cooper could adequately represent Appellant's interests but whether he has represented that interest.  This Court should remand this case to the district court with instructions that the truth of the matter in regard to the nature and extent of the discovery undertaken by Cooper be made part of the record so that this Court can properly consider this appeal and so that the decision in *Jenkins v. Simpson, supra,* can be followed.

## CONCLUSION

For the reasons set forth above, Appellant contends that this  Court  remand this case to the district court with instructions that the record be made complete as to the nature and extent of the discovery undertaken by Cooper prior to the filing of the motion to intervene. Moreover, the bankruptcy court, in the first instance, should determine whether the renewed intervention motion should be allowed in light of such knowledge.

Respectfully submitted this the 5th day of June, 2017.

<u>s/Charles R. Brewer</u>
Charles R. Brewer
**Attorney at Law**
**79 Woodfin Place, Suite 206**
**Asheville, NC 28801**
(828) 251-5002
crboffice@aol.com

<u>s/Gary A. Dodd</u>
Gary A. Dodd
**Attorney at Law**
**79 Woodfin Place, Suite 206**
**Asheville, NC 28801**
(828) 255-0459
doddgarya@bellsouth.net

*Counsel for Appellant*
*Brenda L. Livesay*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. Pro. 32 (a)(7)(b) because this brief contains **4,198 words**, excluding the parts of the brief exempted by Fed. R. App. P. 32 (a)(7)(B)(iii).

This brief complies with the typeface requirement of Fed. R. App. P. 32 (a) (5) and the type style requirements of Fed. R. App. P. 32 (a)(6) because this brief has been prepared in a proportionally spaced typeface **Microsoft Word, in fourteen-point font size using Times New Roman type style**.

We understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.

_s/Charles R. Brewer_
Charles R. Brewer

## CERTIFICATE OF SERVICE

We hereby certify that, on June 5, 2017, this Opening Brief of Appellant was filed with the Clerk's Office via hand delivery and electronically using the Court's CM/ECF system which will send notification of such filing to:

D. Rodney Kight, Jr.
Kight Law Office, PC
56 College Street, Suite 302
Asheville, NC 28801
rod@kightlaw.com
*Counsel for Appellee*
*Global Fiber, LLC*

H. Trade Elkins
Elkins Law Firm, PA
228 6th Avenue, Suite 1B
Hendersonville, NC 28792
trade@elkinslawfirm.net
*Counsel for Appellee*
*Kenneth W. Livesay*

Langdon M. Cooper
Sharon S. Dove
Mullen, Holland & Cooper, PA
301 South York Street
Gastonia, NC 28053
lcooper@mhc-law.com
sdove@mhc-law.com
*Counsel for Trustee-Appellee*
*Langdon M. Cooper,*
*Trustee in Bankruptcy for CEI, LLC*

*s/Charles R. Brewer*
Charles R. Brewer

21