**RECORD NO. 17-1372**

In The

# United States Court Of Appeals
# For The Fourth Circuit

**In re: CEI, LLC,**

*Debtor,*

-------------------------------------------------

## BRENDA L. LIVESAY,

*Party-in-Interest - Appellant,*

v.

## KENNETH W. LIVESAY; GLOBAL FIBER, LLC,

*Defendants - Appellees,*

AND

## LANGDON M. COOPER, Trustee in Bankruptcy for CEI, LLC aka Communications Electrical Industries, LLC,

*Trustee - Appellee.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT ASHEVILLE

_____

## BRIEF OF APPELLEES

_____

D. Rodney Kight, Jr.                    Langdon M. Cooper
KIGHT LAW OFFICE, PC                     Sharon S. Dove
56 College Street, Suite 302            MULLEN, HOLLAND & COOPER, PA
Asheville, NC 28801                      301 South York Street
(828) 255-9881                           Gastonia, NC 28053
rod@kightlaw.com                         (704) 864-6751
                                         lcooper@mhc-law.com
                                         sdove@mhc-law.com


*Counsel for Appellees*                 *Counsel for Appellee*
*  Kenneth W. Livesay*                  *  Langdon M. Cooper,*
*  and Global Fiber, LLC*               *  Trustee in Bankruptcy for CEI, LLC*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. __17-1372__          Caption: __Brenda . Livesay v. Langdon Cooper, Trustee, et al.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Kenneth W. Livesay__
(name of party/amicus)

_____

 who is _____appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.      Is party/amicus a publicly held corporation or other publicly held entity?   ☐YES ☑NO

2.      Does party/amicus have any parent corporations?                              ☐YES ☑NO
        If yes, identify all parent corporations, including all generations of parent corporations:

3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                              ☐YES ☑NO
        If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct
financial interest in the outcome of the litigation (Local Rule 26.1(a)(2)(B))? ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)    ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected
substantially by the outcome of the proceeding or whose claims the trade association is
pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?    ☐ YES ☑ NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: _/s/ D. Rodney Kight, Jr._____    Date: _____8-4-17_____

Counsel for: _Kenneth W. Livesay_____

## CERTIFICATE OF SERVICE
**************************

I certify that on ____8-4-2017_____ the foregoing document was served on all parties or their
counsel of record through the CM/ECF system if they are registered users or, if they are not, by
serving a true and correct copy at the addresses listed below:

Sharon S. Dove
Counsel for Langdon Cooper, Trustee-Appellee
301 South York Street
Gastonia, NC 28053

Charles R. Brewer
Counsel for Brenda L. Livesay
79 Woodfin Place, Suite 206
Asheville, NC 28801

_/s/ D. Rodney Kight, Jr._____          _____8-4-17_____
(signature)                                    (date)

- 2 -

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __17-1372__     Caption: __Brenda . Livesay v. Langdon Cooper, Trustee, et al.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Global Fiber, LLC__
(name of party/amicus)

_____

who is _____appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?  ☐YES ☑NO

2.    Does party/amicus have any parent corporations?  ☐YES ☑NO
      If yes, identify all parent corporations, including all generations of parent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?  ☐YES ☑NO
      If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(a)(2)(B))? ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)    ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?    ☐ YES ☑ NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/ D. Rodney Kight, Jr.                          Date: _____8-4-17_____

Counsel for: Global Fiber, LLC

# CERTIFICATE OF SERVICE
**************************

I certify that on _____8-4-2017_____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Sharon S. Dove
Counsel for Langdon Cooper, Trustee-Appellee
301 South York Street
Gastonia, NC 28053

Charles R. Brewer
Counsel for Brenda L. Livesay
79 Woodfin Place, Suite 206
Asheville, NC 28801

/s/ D. Rodney Kight, Jr.                                    8-4-17
_____                    _____
(signature)                                                      (date)

- 2 -

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of all parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __17-1372__    Caption: Livesay v. Kenneth W. Livesay, et al.

Pursuant to FRAP 26.1 and Local Rule 26.1,

Langdon M. Cooper, Trustee in Bankruptcy for CEI, LLC
(name of party/amicus)

who is _____Trustee-Appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.  Is party/amicus a publicly held corporation or other publicly held entity?   ☐ YES ☑ NO

2.  Does party/amicus have any parent corporations?                              ☐ YES ☑ NO
    If yes, identify all parent corporations, including all generations of parent corporations:

3.  Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                                ☐ YES ☑ NO
    If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(a)(2)(B))? ☐ YES ☑ NO If yes, identify entity and nature of interest:


5.  Is party a trade association? (amici curiae do not complete this question)  ☐ YES ☑ NO If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:


6.  Does this case arise out of a bankruptcy proceeding?  ☑ YES ☐ NO If yes, identify any trustee and the members of any creditors' committee:

    Langdon M. Cooper, Chapter 7 Trustee for the Western District of NC


Signature: _Langdon M. Cooper_          Date: _____4/24/2017_____

Counsel for: Langdon M. Cooper, Trustee


## CERTIFICATE OF SERVICE
***************************

I certify that on _____4/24/2017_____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

N/A


_Langdon M. Cooper_                    _____4/24/2017_____
(signature)                                     (date)

# TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES ................................................................. iii

STATEMENT OF SUBJECT MATTER
AND APPELLATE JURISDICTION ......................................................1

STATEMENT OF THE ISSUE PRESENTED ON APPEAL .................................1

SUMMARY OF THE ARGUMENT ........................................................2

STATEMENT OF THE CASE AND RELEVANT FACTS ...................................3

ARGUMENT .................................................................................7

    Standard of Review.....................................................................7

    I.     It Was Not Clear Error for the District Court to Affirm the
            Bankruptcy Court's Decision to Deny Intervention as of Right
            Because Mrs. Livesay Cannot Show that Her Motion was
            Timely, that Her Interests Would be Impaired by Denial of Her
            Motion, or that She Is Inadequately Represented by Existing
            Parties ..............................................................................9

         A.     It Was Not an Abuse of Discretion for the District Court
                  to Find that Mrs. Livesay's Motion to Intervene Was
                  Untimely..................................................................10

         B.     It Was Not Clear Error for the District Court to Find that
                  Mrs. Livesay Failed to Make a Compelling Showing that
                  Her Interests Would Be Prejudiced if Not Allowed to
                  Intervene.................................................................11

         C.     It Was Not Clear Error for the District Court to Find that
                    Mrs. Livesay Failed to Make a Compelling Showing that
                  She is Inadequately Represented by Existing Parties ...............12

i

II.     The District Court Did Not Abuse Its Discretion in Affirming the
        Denial of the Motion for Intervention on a Permissive Basis.............14

III.    The Bankruptcy Court Did Not Abuse Its Discretion in Denying
        the Reconsideration Requested in the Amended Renewed
        Motion to Intervene ...........................................................................15

IV.     The District Court Did Not Commit Clear Error by Holding that
        the Bankruptcy Court Did Not Abuse its Discretion in Denying
        the Motion for Discovery and Quashing the Subpoenas....................16

CONCLUSION ......................................................................................................19

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Alt v. U.S. E.P.A.*,
    758 F.3d 588 (4th Cir. 2014) ..............................................................8, 10, 14

*Banco Popular de Puerto Rico v. Greenblatt*,
    964 F.2d 1227 (1st Cir. 1992)....................................................................17, 18

*Devan v. Phoenix Am. Life Ins. Co. (In re Merry-Go-Round Enters.)*,
    400 F.3d 219 (4th Cir. 2005) ............................................................................9

*EEOC v. Lockheed Martin Corp.*,
    116 F.3d 110 (4th Cir. 1997) ..........................................................................15

*Estate of Ingle v. Yelton*,
    439 F.3d 191 (4th Cir. 2006) ............................................................................8

*Evans v. Eaton Corp. Long Term Disability Plan*,
    514 F.3d 315 (4th Cir. 2008) ............................................................................9

*Francis v. Chamber of Commerce of U. S.*,
    481 F.2d 192 (4th Cir. 1973) ............................................................................8

*Hill v. Western Elec. Co., Inc.*,
    672 F.2d 381 (4th Cir. 1982) ..........................................................................14

*Ingle ex rel. Robinson v. Wix Filtration Corp. LLC*,
    599 F.3d 403 (4th Cir. 2009) ............................................................................8

*Jacksonville Airport, Inc. v. Michkeldel, Inc.*,
    434 F.3d 729 (4th Cir. 2006) ...........................................................8, 9, 16, 17

*NAACP v. New York*,
    413 U.S. 345 (1973)...........................................................................................10

*Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*,
    148 F.3d 396 (4th Cir. 1998) ..........................................................................15

iii

*Pasternak & Fidis, P.C. v. Wilson*,
    No. GJH-14-01307,
    2014 U.S. DIST. LEXIS 133140 (D. Md. Sept. 23, 2014) ............................8

*Richman v. First Woman's Bank (In re Richman)*,
    104 F.3d 654 (4ᵗʰ Cir. 1997) ...............................................................*passim*

*Seattle Times Co. v. Rhinehart*,
    467 U.S. 20 (1984)..................................................................................18

*Smith v. Pennington*,
    352 F.3d 884 (4ᵗʰ Cir. 2003) ................................................................14

*United States ex rel. Becker v. Westinghouse Savannah River Co.*,
    305 F.3d 284 (4ᵗʰ Cir. 2002) ................................................................15

*United States ex rel. Duxbury v. Ortho Biotech Prods., L.P.*,
    719 F.3d 31 (1ˢᵗ Cir. 2013)................................................................16, 17

*Universal Commun. Sys. v. Lycos, Inc.*,
    478 F.3d 413 (1ˢᵗ Cir. 2007)..................................................................16

*Wright v. Krispy Kreme Doughnuts, Inc.*,
    231 F.R.D. 475 (M.D.N.C. 2005)........................................................13, 14

**Statute:**

11 U.S.C. § 323 ............................................................................. 11-12, 13

**Rules:**

Fed. R. App. P. 6(b) ..........................................................................7

Fed. R. Bankr. P. 7024 ......................................................................9

Fed. R. Civ. P. 9(b) ..........................................................................16

Fed. R. Civ. P. 24 .......................................................................8, 9, 10

Fed. R. Civ. P. 24(a)..........................................................................4

Fed. R. Civ. P. 24(a)(2) ................................................................7, 9, 14

Fed. R. Civ. P. 24(b) ...................................................................4, 8, 14

Fed. R. Civ. P. 59(e) ......................................................................8, 15

**Other Authority:**

11 Wright et al.,
      Federal Practice and Procedure § 2810.1 (2d ed. 1995) .....................................15

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

Langdon M. Cooper, Trustee in Bankruptcy for CEI, LLC aka Communications Electrical Industries, LLC, Trustee-Appellee (hereinafter, the "Trustee") and Defendants Kenneth W. Livesay and Global Fiber, LLC (hereinafter, the "Defendants") incorporate by reference the Statement of Subject Matter and Appellate Jurisdiction of Brenda L. Livesay, Party-in-Interest – Appellant (hereinafter, "Mrs. Livesay").

## STATEMENT OF THE ISSUE PRESENTED ON APPEAL

I.    **Whether It Was Error for the District Court to Affirm the Bankruptcy Court's Decision to Deny Intervention as of Right, Given that Mrs. Livesay's Motion was Untimely, Her Interests Would Not be Impaired by Denial of Her Motion and She Is Adequately Represented by Existing Parties.**

II.   **Whether the District Court Abused Its Discretion in Affirming the Bankruptcy Court's Denial of the Motion for Intervention on a Permissive Basis.**

III.  **Whether the District Court Abused Its Discretion in Denying Reconsideration of the Motion to Intervene.**

IV.   **Whether the District Court Abused its Discretion in Denying the Motion for Discovery and Quashing the Subpoenas.**

## SUMMARY OF THE ARGUMENT

Mrs. Livesay has failed to prove three essential elements of intervention as of right. She has failed to show (or even argue) that her Motion to Intervene was timely, that her interests would be impaired if not allowed to intervene or that her interests are inadequately represented by the Trustee. Her sole allegation—that she should be allowed to view the discovery (which has long been conducted and concluded) in order to determine whether the Trustee is adequately representing her interest—does not meet the onerous burden of alleging, much less supporting with compelling evidence, inadequate representation sufficient to allow her to intervene. Crucially, this is the case even if she viewed the discovery, was dissatisfied with it, and contended on that basis that her interests weren't being adequately represented. A party with a legal obligation to represent the interests of another—in this case the Trustee with respect to the estate of creditors, which includes Mrs. Livesay—is given significant discretion and broad latitude in how he litigates a case. Mere failure to conduct discovery in the way that Mrs. Livesay contends it should have been conducted is not a sufficiently compelling reason for Mrs. Livesay to satisfy her burden under this element. Because Mrs. Livesay has failed to meet her burden on three of the four elements of intervention as of right, her requests for relief must be denied and the orders of the lower courts upheld.

With her Second Amended Renewed Motion to Intervene, Mrs. Livesay contends that she should be entitled to review the discovery conducted by the parties in the above-captioned adversary. Given that she does nothing more than baldly allege inadequate representation and the fact that, as a non-party, Mrs. Livesay has no right of access to discovery conducted by private litigants, the bankruptcy court did not abuse its discretion when it denied all relief requested in Mrs. Livesay's Second Amended Renewed Motion to Intervene.

## STATEMENT OF THE CASE AND RELEVANT FACTS

On 6 June 2011, CEI, LLC (hereinafter, the "Debtor") filed a chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of North Carolina. The Trustee was appointed chapter 7 trustee on 8 June 2011. JA 1.

On 4 June 2013, the Trustee filed the adversary proceeding (assigned case no. 13-1019) seeking to recover the value of certain transfers made by Defendant Kenneth Livesay (hereinafter, "Mr. Livesay"), a principal and manager of the Debtor, while the Debtor was insolvent. The Trustee sued Mr. Livesay and Mr. Livesay's company formed subsequent to the Debtor's insolvency: Global Fiber LLC. JA 75. Mr. Livesay and Global Fiber LLC shall hereinafter be referred to collectively as "Defendants").

3

On 19 March 2015 Mrs. Livesay filed a Motion to Intervene in the above-captioned adversary proceeding.  JA 118.  The Motion to Intervene did not specify whether she sought intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure (hereinafter, "Rule 24(a)") or on a permissive basis under Rule 24(b) of the Federal Rules of Civil Procedure (hereinafter, "Rule 24(b)").  Mrs. Livesay is both a beneficiary and a trustee of Ronald B. Livesay's Revocable Trust.  Ronald B. Livesay is deceased and shall hereinafter be referred to as "Decedent."  The Decedent owned the corporate Debtor together with Mr. Livesay.  Mrs. Livesay was the wife of the Decedent and is the step-mother of Mr. Livesay.  JA 118.

In an order dated 28 July 2015, the bankruptcy court denied Mrs. Livesay's Motion to Intervene on the ground that her motion was not timely, because it had been filed almost two years after the Trustee initiated the adversary proceeding.  The July 28th order also held that Mrs. Livesay failed to show that her interests would not be adequately protected by the Trustee.  JA 136.

On 6 August 2015, Mrs. Livesay filed an appeal from the bankruptcy court's July 28th order.  JA 137.  Mrs. Livesay's district court appeal was assigned case no. 1:15-cv-00172-MOC.  In an order dated 29 June 2016, the district court affirmed the bankruptcy court's decision to deny intervention and dismissed Mrs. Livesay's appeal.  JA 333.  On 29 June 2016 the clerk of district court entered judgment in accordance with the district court's June 29th order. JA 346.

4

On 13 July 2016, Mrs. Livesay filed a Motion for Reconsideration with the district court in case no. 1:15-cv-00172-MOC. In an order dated 12 August 2016, the district court denied the relief requested in Mrs. Livesay's Motion for Reconsideration. JA 347. The district court stated that the denial would be without prejudice to Mrs. Livesay's making a request in the bankruptcy court for discovery. JA 355. As the district court stated in its August 12th order,

> To the extent that Appellant alleges that Appellee made factual misrepresentation to the court in its brief, the court does not take such allegations lightly. However, as this court is sitting as an appellate court in reviewing the decision of the Bankruptcy Court, it will not engage in fact-finding in the first instance as to which discovery has or has not occurred in this case. As such, to the extent that Appellant wishes for the Bankruptcy Court to consider a dispute between the parties regarding the extent of discovery completed as such facts might have some bearing on intervention, the court will allow Appellant to make a renewed motion before the Bankruptcy Court.

JA 354-55.

Rather than appeal the district court's 12 August 2016 decision, Mrs. Livesay filed her Amended Motion to Intervene and Second Amended Renewed Motion to Intervene on 31 August 2016 in the bankruptcy court. JA 173-78. The only difference between the Amended Renewed Motion to Intervene and the Second Amended Renewed Motion to Intervene is that counsel for Mrs. Livesay neglected to sign the certificate of service for the former document. JA 173-78. The Amended Renewed Motion to Intervene and the Second Amended Renewed Motion to Intervene (hereinafter referred to collectively as the "Amended Renewed Motion to

5

Intervene") repeated the allegation Mrs. Livesay had made in her Motion for Reconsideration regarding her alleged right to discover the discovery that the parties had conducted in the adversary proceeding. JA 173-78. Mrs. Livesay did not identify the source of this right and did not identify any misconduct on the part of any party to the litigation. Also, on 31 August 2016 Mrs. Livesay filed a Motion for Discovery in Regard to Second Amended Renewed Motion to Intervene (hereinafter, the "Motion for Discovery"). In the Motion for Discovery, Mrs. Livesay sought a period of sixty (60) days to serve interrogatories and document requests on the Trustee regarding the discovery he had undertaken.

Following a hearing on 4 October 2016, the bankruptcy court denied Mrs. Livesay's Motion for Discovery in a written order dated 13 October 2016. JA 198.

On 10 October 2016 Mrs. Livesay issued subpoenas to counsel for the parties demanding that they testify about and produce any discovery undertaken in the above-captioned adversary.

During a hearing conducted on 18 October 2016, the bankruptcy court considered the subpoenas *duces tecum* issued by Mrs. Livesay, which subpoenas would have required counsel for the Trustee and Defendants to testify about the discovery undertaken. The bankruptcy court ruled as follows:

> I don't believe that opening up a fishing expedition into the efforts at discovery by the parties is proper by a nonparty. And I don't believe that overall justice will be served by the intrusion of the nonparty into this matter. I think that the parties—there's no indication that the

6

parties have not proceeded appropriately and I think they should be best left to do that without further intrusion.

JA 395.

Also during the October 18th hearing, the bankruptcy court denied the relief requested in Mrs. Livesay's Amended Renewed Motion to Intervene. The order was memorialized in a final order dated 27 October 2016. JA 240. Mrs. Livesay appealed the 27 October 2016 order to the district court on 4 November 2016. This second district court appeal was assigned case no. 1:16-cv-00361-MR. The district court affirmed the bankruptcy court's decision in an order dated 17 March 2017. JA 389. The March 17th order affirmed the bankruptcy court's decisions to: (1) deny Mrs. Livesay the right to take discovery of the parties; and (2) quash the subpoenas directed to the parties. The March 17th order also affirmed the bankruptcy court's decision to deny reconsideration of the Motion to Intervene. JA 389.

To date, and in spite of Rule 6(b) of the Federal Rules of Appellate Procedure, Mrs. Livesay has yet to file and serve a statement of the issues to be presented on appeal and a designation of the record to be certified and made available to the circuit clerk.

## ARGUMENT

### Standard of Review

The "standard of review for the bankruptcy judge's denial of intervention as of right under Rule 24(a)(2) is *de novo*, while a denial of permissive intervention

under Rule 24(b) by a bankruptcy judge is reviewable under an abuse of discretion standard." *Pasternak & Fidis, P.C. v. Wilson*, No. GJH-14-01307, 2014 U.S. DIST. LEXIS 133140, at *6 (D. Md. Sept. 23, 2014) (internal citations and quotation marks omitted); *see also Francis v. Chamber of Commerce of U. S.*, 481 F.2d 192, 194-95 (4th Cir. 1973) ("we acknowledge the rule that a denial of permissive intervention may be reversed only for an abuse of discretion by the district court"). The determination of timeliness for a motion to intervene—whether as of right or permissive—" will not be disturbed on appeal absent an abuse of that discretion." *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014) (applying abuse of discretion standard for timeliness determination as to Rule 24).

The court reviews the denial of a motion under Rule 59(e) of the Federal Rules of Civil Procedure (hereinafter, "Rule 59(e)"), which governs motions for reconsideration of a court's final—as opposed to interlocutory—orders, under "the deferential abuse of discretion standard." *Ingle ex rel. Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2009); *Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006). An abuse of discretion standard also applies to a bankruptcy court's orders decisions regarding discovery disputes. *Jacksonville Airport, Inc. v. Michkeldel, Inc.,* 434 F.3d 729, 732 (4th Cir. 2006). "At its immovable core, the abuse of discretion standard requires a reviewing court to show enough deference to a primary decision maker's judgment that the court does not reverse merely because

8

it would have come to a different result in the first instance." *Evans v. Eaton Corp. Long Term Disability Plan,* 514 F.3d 315, 322 (4th Cir. 2008).

The appellate court applies the same standard of review to the district court's decision as the district court applies to the bankruptcy court's. *Jacksonville Airport, Inc. v. Michkeldel, Inc.*, 434 F.3d 729, 731 (4th Cir. 2006); *Devan v. Phoenix Am. Life Ins. Co. (In re Merry-Go-Round Enters.),* 400 F.3d 219, 224 (4th Cir. 2005).

**I.    The District Court Did Not Err in Affirming the Bankruptcy Court's Decision to Deny Intervention as of Right Because Mrs. Livesay Cannot Show that Her Motion was Timely, that Her Interests Would be Impaired by Denial of Her Motion, or that She Is Inadequately Represented by Existing Parties.**

A would-be intervenor bears the burden of demonstrating to the Court a right to intervene.  Rule 7024 of the Federal Rules of Bankruptcy Procedure directs that the right to intervene in the bankruptcy context is governed by Rule 24 of the Federal Rules of Civil Procedure. An intervenor under Rule 24(a)(2) must satisfy four requirements. First, the intervenor must submit a timely motion to intervene in the adversary proceeding. Second, she must demonstrate a "direct and substantial interest" in the property or transaction. *Richman v. First Woman's Bank (In re Richman)*, 104 F.3d 654, 659 (4th Cir. 1997).  Third, she must prove that her interest would be impaired if intervention was not allowed. Finally, she must establish that the interest is inadequately represented by existing parties. Not only does the burden of demonstrating inadequate representation rest on the putative intervenor, but that

burden "is at its most onerous" where an existing party is under a legal obligation to represent the would-be intervenor's interest. In such a situation, there must be a "compelling showing of inadequate representation." *Id.* It was not error for the district court to affirm the bankruptcy court's denial of intervention because Mrs. Livesay has utterly failed to meet her burden, or indeed, even make any showing whatsoever, on the first, third and fourth elements.

### A.   It Was Not an Abuse of Discretion for the District Court to Find that Mrs. Livesay's Motion to Intervene Was Untimely.

The threshold requirement in a motion to intervene under either prong of Rule 24 is timeliness. *See* Fed. R. Civ. P. 24; *NAACP v. New York*, 413 U.S. 345, 366 (1973). In determining whether a motion to intervene is sufficiently timely, the court considers: (1) how far the adversarial proceeding has advanced; (2) if any prejudice to the other parties will result due to the resulting delay; and (3) the reason an intervenor was tardy in filing the motion. *Alt*, 758 F.3d at 591. The Fourth Circuit has emphasized the importance of the timeliness factor and the reluctance to stall "the momentum of [a] lawsuit" which is in the advanced stages of litigation. *Id.*

Here, the suit is in its advanced stages. The case was filed in June 2013. The case has been stayed once (in May 2014 pending a Supreme Court ruling) and had scheduled status conferences continued three times (in early 2015). Discovery has been completed and settlement discussions have long-ago commenced. JA 4. The advanced stage of this litigation and the potential prejudice to the existing parties

from allowing an additional party to enter the case weigh against a finding of timeliness in this instance.

Mrs. Livesay waited until 18 March 2015 to file her Motion for Intervention. JA 4. In its 29 June 2016 order, the district court found that Mrs. Livesay could not adequately explain her failure to file her Motion to Intervene until almost two years after the litigation had commenced. Mrs. Livesay was well aware of the substance of the litigation due to her extensive involvement at its inception. JA 126. Instead of filing a motion to intervene right away, Mrs. Livesay waited until discovery was at an end and settlement discussions had begun. Given the foregoing, the district court did not abuse its discretion in finding Mrs. Livesay's motion untimely.

### B. The District Court Did Not Err in Finding that Mrs. Livesay Failed show that Her Interests Would Be Prejudiced if Not Allowed to Intervene.

With respect to the third element, Mrs. Livesay must show that her interest would be impaired if intervention was not allowed. *Richman*, 104 F.3d at 659. She did not even address this element in her brief. There has been no showing, nor even an allegation, that her interest would be impaired if she was not allowed to intervene. As a general matter, in a Chapter 7 proceeding, the trustee alone has standing to raise issues before the bankruptcy court and to prosecute appeals. A trustee is the representative of the bankruptcy estate and has the capacity to sue or be sued. 11

U.S.C. § 323; *In re Richman*, 104 F.3d at 657. Mrs. Livesay is a creditor. She has not articulated any interests that she possesses which are distinct from those of the estate, nor has she made any allegations that the Trustee is unable to represent the interests of the estate. In short, there has been no showing whatsoever that her interest would be impaired if she is unable to intervene. This alone is sufficient reason to uphold the decision of both the district court and the bankruptcy court before it.

**C.    It Was Not Clear Error for the District Court to Find that Mrs. Livesay Failed to Make a Compelling Showing that She is Inadequately Represented by Existing Parties.**

As to the fourth element, Mrs. Livesay must show that her interest is inadequately represented by the existing parties. *Richman* at 659. In this case, the "existing party" at issue is the Trustee. The sole contention Mrs. Livesay proffers in support of the argument that her interests are inadequately represented by the Trustee is that "before a fair ruling on her motion to intervene can be made, the judicial authority must make a determination of the nature and extent of the discovery undertaken by [the Trustee] in his prosecution of this adversary proceeding." Appellant's Brief at 15. In other words, and to be clear, Mrs. Livesay does not contend that her interests are inadequately represented. She merely asserts that she cannot tell if her interests are adequately represented because she is not privy to the discovery that has been conducted in the case. Not only does the burden of

demonstrating inadequate representation rest on the putative intervenor, but that the burden "is at its most onerous" where an existing party, such as the Trustee in this case, is under a legal obligation to represent the would-be intervenor's interest. *Richman* at 660. Far from a "compelling" showing as required by the Rule, Mrs. Livesay has effectively made no showing at all.

Even if Mrs. Livesay viewed the discovery and afterward contended that the Trustee had done an incomplete or shoddy job, this contention would not satisfy the onerous burden of proving inadequate representation. A bankruptcy trustee is empowered with the right to sue and, as such, is entitled to significant discretion and broad latitude in how he chooses to prosecute his case. 11 U.S. Code § 323 The mere fact that a party desiring to intervene is unsatisfied with the discovery performed by the party with a legal obligation to protect its interest is not sufficiently compelling to meet its burden that it is inadequately represented. *See Wright v. Krispy Kreme Doughnuts, Inc.*, 231 F.R.D. 475, 479 (M.D.N.C. 2005) (holding that putative intervenor's complaint that corporate defendant failed to use the "appropriate procedures for production of company documents" was mere difference of opinion over litigation strategy and did not amount to inadequate representation"). This is especially the case when there have been no other allegations of inadequate representation. In this case, there have been no allegations of inadequate representation at all, just Mrs. Livesay's search for a "hook" to justify her desire to

intervene in the case. Her dissatisfaction with the discovery is not that hook. Given that no other basis has been alleged with respect to this fourth element of Rule 24(a)(2), her argument fails.

## II. The District Court Did Not Abuse Its Discretion in Affirming the Denial of the Motion for Intervention on a Permissive Basis.

"[A] decision to deny permissive intervention under Rule 24(b) 'lies within the sound discretion of the trial court.'" *Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003) (quoting *Hill v. Western Elec. Co., Inc.*, 672 F.2d 381, 386 (4th Cir. 1982)). The provision on permissive intervention under Rule 24(b) provides, in relevant part, that a party may intervene, with the court's approval, "[u]pon timely motion," when an applicant's claim or defense shares a question of law or fact in common with the main action. Fed. R. Civ. P. 24(b). In exercising its discretion, the court considers whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. As a result, the elements of permissive intervention are: (1) timeliness; (2) shared question of law or fact; and (3) undue delay or prejudice. *Alt*, 758 at 591; *Wright v. Krispy Kreme Doughnuts, Inc.*, 231 F.R.D. at 479.

As explained above, Mrs. Livesay's Motion to Intervene was not timely made. If Mrs. Livesay is allowed to intervene, there will be significant prejudice to the Trustee and Defendants who have been litigating the above-captioned matter for years, completed discovery and are poised to settle the matter. For the reasons stated

above, it was not an abuse of discretion for the district court to deny Mrs. Livesay's

motion to intervene on a permissive basis.

### III. The Bankruptcy Court Did Not Abuse Its Discretion in Denying the Reconsideration Requested in the Amended Renewed Motion to Intervene.

Mrs. Livesay cited to no rule or legal authority as providing a basis for her

Amended Renewed Motion to Intervene. Without other options, the district court

treated the Amended Renewed Motion to Intervene as a motion for reconsideration

pursuant to Rule 59(e). JA 351.

There are only three grounds that the Fourth Circuit has recognized for amending

an earlier order. The first is to accommodate an intervening change in controlling law.

The second is to account for new evidence not previously available. The third is to

correct a clear error of law or prevent manifest injustice. *Pac. Ins. Co. v. Am. Nat'l Fire

Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp.*,

116 F.3d 110, 112 (4th Cir. 1997) and 11 Wright et al., Federal Practice and Procedure

§ 2810.1, at 124 (2d ed. 1995)). Importantly, Rule 59(e) motions "may not be used to

re-litigate old matters, or to "raise arguments or present evidence that could have been

raised prior to the entry of judgment." *Id.* (citation and internal quotations omitted).

Likewise, a Rule 59(e) motion is not an opportunity to re-litigate issues already ruled

on because a litigant is displeased with the result. *United States ex rel. Becker v.

Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002).

Mrs. Livesay admits that she has no new evidence to present in connection with her Amended Renewed Motion to Intervene. Instead, she asserts that she has the right to determine *whether* she has been inadequately represented by obtaining discovery of the discovery exchanged by the parties in the course of the adversary proceeding. There is simply no basis for the Amended Renewed Motion to Intervene and the bankruptcy court did not abuse its discretion in denying reconsideration.

## IV.    The District Court Did Not Abuse its Discretion in Denying the Motion for Discovery and Quashing the Subpoenas.

The bankruptcy court could not expand the scope of discovery based upon "bald assertions" of possible misconduct. *See United States ex rel. Duxbury v. Ortho Biotech Prods., L.P.,* 719 F.3d 31, 39 (1st Cir. 2013); *Universal Commun. Sys. v. Lycos, Inc.*, 478 F.3d 413, 425-26 (1st Cir. 2007). When litigants offer no more than "sheer speculation" to support requested discovery regarding an adversary's activity, they "should not be permitted to conduct fishing expeditions in hopes of discovering claims that they do not know they have*." Universal Commun. Sys.,* 478 F.3d at 425-26; *accord Duxbury*, 719 F.3d at 39; *see Jacksonville Airport*, 434 F.3d at 732. Indeed, the bankruptcy court is limited in terms of the discovery it may permit by the requirements set out in Federal Rules of Civil Procedure Rule 9(b)'s particularity requirement.

The *Duxbury* case is on point. In *Duxbury*, the plaintiff, a former employee of a pharmaceutical company, demanded that be permitted nationwide discovery as

16

to kickbacks that he alleged on the part of the pharmaceutical company.  The record at the time of the plaintiff's request demonstrated that the plaintiff had first-hand knowledge of kickbacks but only as to kickbacks in the western United States and only up through the date of his termination in 1998. 719 F.3d at 35.  The First Circuit refused to permit nationwide discovery and further limited discovery to the period of time before 1998, reasoning that the "district court was not required to expand the scope of discovery based upon the… complaint's bald assertions that the purported kickback scheme continued after [the plaintiff's] termination or that it was nationwide in scope." *Id*. at 39; *see Jacksonville Airport,* 434 F.3d at 732 (affirming district court's denial of discovery sanctions where court found no "obfuscation or intentional failure to provide information").

In *Banco Popular de Puerto Rico v. Greenblatt*, 964 F.2d 1227 (1ˢᵗ Cir. 1992), the First Circuit considered and rejected the request of a putative intervenor for access to documents exchanged in discovery by parties to a civil lawsuit.  In *Banco Popular*, 964 F.2d at 1229, the chapter 11 creditor's committee (hereinafter, the "Committee") for Amfesco Industries, Inc. (hereinafter, "Amfesco"), whose bankruptcy was filed in the Eastern District of New York, had been litigating the issue of director malfeasance in New York state court.  In the meantime, Banco Popular, which was one of Amfesco's creditors, initiated a parallel proceeding regarding director malfeasance in federal court in Puerto Rico.  When the parties to

the federal court action (hereinafter, the "Federal Court Parties") were settling their claims, the Committee filed a motion to intervene in the federal court action to enjoin the destruction of documents exchanged by the Federal Court Parties in discovery. The First Circuit held that the motion to intervene filed by the Committee was untimely. Crucial to its finding of untimeliness was the First Circuit's holding that there is no right of access for a non-party to discovery documents exchanged in civil litigation and, therefore, the Committee could not demonstrate foreseeable prejudice from the court's denial of its motion to intervene. *Id*. at 1232-33 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) for the proposition that "[p]retrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law, and, in general, they are conducted in private as a matter of modern practice.")

Mrs. Livesay does no more than "baldly allege" that *it is possible* the Trustee might not have adequately represented her interests. Stated otherwise, she does not allege inadequate representation but only that she has a right to discover whether there has been inadequate representation. She does not have this right. A non-party has no right of access to discovery conducted by private litigants, and it was not an abuse of discretion for the bankruptcy court to deny all relief requested in Mrs. Livesay's Amended Renewed Motion to Intervene.

## CONCLUSION

Wherefore, for all of the foregoing reasons, the district court's affirmation of the bankruptcy court's decision and reconsidered decision to deny intervention should, in turn, be affirmed by this Court including the denial of Mrs. Livesay's request to take discovery of the parties.

This the 4th day of August, 2017.

/s/  Langdon M. Cooper
Langdon M. Cooper
N.C. State Bar No. 936

/s/  Sharon S. Dove
Sharon S. Dove
N.C. State Bar No. 29569
MULLEN HOLLAND & COOPER P.A.
*Counsel for Langdon M. Cooper, Trustee in Bankruptcy For CEI, LLC aka Communications Electrical Industries, LLC, Trustee-Appellee*
301 South York Street
P.O. Box 488
Gastonia, NC  28053-0488
Telephone: 704-864-6751
Email:  lcooper@mhc-law.com
          sdove@mhc-law.com

/s/  D. Rodney Kight, Jr.
D. Rodney Kight, Jr.
N.C. State Bar No. 26453
KIGHT LAW OFFICE, PC
*Counsel for Kenneth W. Livesay and Global Fiber, LLC, Defendants - Appellees*
56 College Street, Suite 302
Asheville, NC 28801
Telephone:  828-255-9881
Email:  rod@kightlaw.com

# CERTIFICATE OF COMPLIANCE

1.      This document complies with type-volume limits because, excluding the parts

of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure

statement, table of contents, table of citations, statement regarding oral

argument, signature block, certificates of counsel, addendum, attachments):

this document contains <u>4,548</u> words.

2.      This document complies with the typeface requirements because:

this document has been prepared in a proportional spaced typeface
using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

Dated:  August 4, 2017                   */s/  D. Rodney Kight, Jr.*
                                        D. Rodney Kight, Jr.

                                        */s/  Langdon M. Cooper*
                                        Langdon M. Cooper

                                        */s/  Sharon S. Dove*
                                        Sharon S. Dove

                                        *Counsel of Appellees*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on August 4, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all the registered CM/ECF users.

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Karen R. Taylor
Karen R. Taylor
GIBSON MOORE APPELLATE SERVICES, LLC
P.O. Box 1460
Richmond, VA 23218
(804) 249-7770
karen@gibsonmoore.net